# DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

UNITED STATES OF AMERICA     )
                                      )

     v.                            )     **Criminal No. 2025-cr-0006**
                                        )

NORIANNI LINAREZ-LUGO,     )
                                      )

     **Defendant.**     )
_____)

**Attorneys:**
**Denise George, Esq.**
St. Thomas, U.S.V.I.
    *For the United States*

**Gabriel J. Villegas, Esq.**
St. Croix, U.S.V.I.
    *For Defendant Norianni Linarez-Lugo*

## MEMORANDUM OPINION

**Lewis, Senior District Judge**

THIS MATTER comes before the Court on the Government's "Motion to Dismiss" ("Motion") (Dkt. Nos. 27, 29). The Government moves to dismiss the above-captioned matter *without prejudice* on the grounds that Defendant Norianni Linarez-Lugo ("Defendant") has been deported. (Dkt. No. 27 at 1).[1] For the reasons that follow, the Court will grant in part and deny in part the Government's Motion. The Court will grant the Motion to the extent that the case will be dismissed, but will deny the Motion in that the case will be dismissed *with prejudice*.

---

[1] The Government corrected its representation to the Court in a subsequent "Notice of Correction," which stated that defendant was not yet deported, but detained in immigration custody in Puerto Rico. (Dkt. No. 29 at 1).

## I.    BACKGROUND

On August 29, 2025, Defendant was stopped by Customs and Border Protection in St. Croix, U.S. Virgin Islands, while seeking to travel to Fort Lauderdale, Florida, on Spirit Airline Flight No. NK 354.  (Dkt. No. 1-1 at 2).  Defendant allegedly stated that she had no immigration status in the United States and that she was previously deported on February 7, 2024.  *Id.* Defendant is a citizen and national of Venezuela and was "not in possession of the required legal documents to be present in the United States."  *Id.* at 3.  Accordingly, a Complaint filed on August 29, 2025 charged Defendant with Reentry of Removed Alien in violation of 8 U.S.C. § 1326(a)(2).  (Dkt. No. 1 at 1).  An Information filed on September 29, 2025 charged the same. (Dkt. No. 22).  Defendant was released on September 30, 2025 on an unsecured bond of $2,500. (Dkt. No. 24).

On October 6, 2025, the Government filed its Motion seeking dismissal of the above-captioned matter without prejudice "on the grounds that [] Defendant has been deported."  (Dkt. No. 27 at 1).  The Government advised the Court that it "received notification from [the U.S. Immigration and Customs Enforcement ("ICE")] on Friday October 3, 2025, that [] Defendant was taken into ICE Custody on Thursday October 2, 2025 and was being held at the ICE facility in San Juan, Puerto Rico pending transfer to Miami and then to Venezuela."  *Id.*  The Government corrected its representation to the Court in its Notice, filed on October 6, 2025, stating that "Defendant has not yet been deported but is currently detained in immigration custody in San Juan, Puerto Rico."  (Dkt. No. 29 at 1).[2]

---

[2] As of the time of the filing of this Memorandum Opinion, the Court has not been updated as to whether Defendant's deportation remains imminent or has been completed.  Nonetheless, the Government's argument has not changed and the Court's findings and conclusions remain the same.

## II.    APPLICABLE LEGAL PRINCIPLES

The Third Circuit has held that "detention of a criminal defendant pending trial pursuant to the [Bail Reform Act ("BRA")] and detention of a removable alien pursuant to the [Immigration and Nationality Act ("INA")] are separate functions that serve separate purposes and are performed by different authorities." *United States v. Soriano Nunez*, 928 F.3d 240, 245-46 (3d Cir. 2019) (citation modified) (denying a defendant's motion asking the Court to order her to be released from ICE detention due a Court's standing BRA release order). Thus, a defendant's "detention for removal purposes does not infringe on an Article III court's role in criminal proceedings." *Id.* at 246; *see also United States v. Soufan*, 2019 WL 1672418 at *3 (D.V.I. Apr. 17, 2019) ("ICE's detention of an inadmissible alien does not offend separation-of-powers principles simply because a federal court, acting pursuant to the BRA, has ordered that same alien released pending his criminal trial." (citation modified)). Indeed, "nothing in either the INA or the BRA gives a court the authority to require the Executive to choose which laws to enforce." *Soriano Nunez*, 928 F.3d at 247. Further, "courts are not at liberty to pick and choose among congressional enactments, and when two statutes are capable of co-existence, it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective." *Id*. (citation omitted). Thus, "[i]f the Executive Branch wants to prioritize deportation over prosecution, that is its prerogative." *United States v. Herrera-Quino*, 2024 WL 376677 at *6 (D.N.J. Feb. 1, 2024); *see also United States v. Tamup-Tamup*, 2025 WL 2662293 at *2 (D.R.I. Sept. 17, 2025) ("The executive branch must make an election: prosecution or release to the detainer. There is nothing unreasonable about

requiring the government to make the election and, at least under the circumstances here, it makes both practical and economic sense." (citation modified)).[3]

Under Rule 48(a) of the Federal Rules of Criminal Procedure, "[t]he government may, with leave of court, dismiss an indictment, information, or complaint." Fed R. Crim. P. 48(a). A court is "generally required to grant a prosecutor's Rule 48(a) motion to dismiss unless dismissal is 'clearly contrary to manifest public interest.'" *United States v. Benjamin*, 2025 WL 1918021 at *2 (D.V.I. July 12, 2025) (citation omitted). A presumption of good faith attaches to the government's decision to seek dismissal under Rule 48(a). *Id.* A defendant can rebut this presumption "by showing that the prosecution has sought dismissal in bad faith or for reasons contrary to the public interest; or has failed to sufficiently articulate its reasons for dismissal." *Id.*

However, "[n]otwithstanding the significant limitations on a court's authority to deny a Rule 48(a) motion to dismiss altogether, a court retains discretion to determine whether a dismissal should be with or without prejudice." *United States v. Adams*, 777 F.Supp.3d 185, 214 (S.D.N.Y. 2025) (noting that "the First, Seventh, and Tenth Circuits have either affirmed such dismissals [with prejudice under Rule 48] or otherwise endorsed the practice" and that "[n]umerous district courts have dismissed prosecutions with prejudice, even when the government seeks dismissal without it[.]"); *see also United States v. Erickson*, 2024 WL 81290 at *5 (D.V.I. Jan. 8, 2024) ("If the defendant successfully rebuts the good faith presumption, the Court may deny the government's motion and dismiss the indictment with prejudice.").

---

[3] In *Tamup-Tamup*, the defendant was charged with "alleged resistance to arrest" by ICE agents pursuant to 18 U.S.C. § 111(a). 2025 WL 2662293 at *1. However, after the defendant was released by the Court on an unsecured bond with conditions during the pendency of the defendant's criminal case, the Government deported him to Guatemala. *Id.* The defendant then sought dismissal of the criminal charges against him with prejudice, which was granted. *Id.* at *1-2.

In the context of Rule 48(a) dismissals due to the deportation of the defendant, "some courts have deemed dismissal with prejudice to be warranted" while other courts "have determined dismissal without prejudice to be an adequate remedy." *Tamup-Tamup*, 2025 WL 2662293 at \*1 (collecting cases). Here, the Court deems a dismissal with prejudice to be appropriate.

### III. DISCUSSION

As a threshold matter, the Court finds that dismissal of the above-captioned action is appropriate in light of Defendant's deportation to Venezuela and inability to be returned to the United States for trial. *United States v. Balde*, 2025 WL 2476710 at \*2 (S.D.N.Y. Aug. 28, 2025) (finding dismissal of the case warranted because "Defendant is no longer in the United States and extradition from [the country to which Defendant was deported] is not possible. Moreover, he presently has no legal status in the United States and therefore cannot return voluntarily for trial"). Dismissal is also warranted given that ICE's deportation, or anticipated deportation, of Defendant via civil administrative proceedings has interfered with her Sixth Amendment right to "consult with counsel, to review the evidence against [her], and to prepare a defense to the charges" in these criminal proceedings. *Id.* (citation modified); *see also United States v. Escobedo-Molina*, 790 F.Supp.3d 1283, 1289 (D.N.M. 2025) ("Defendant's deportation has, to put it simply, wrought havoc on his Fifth and Sixth Amendment rights. . . . Defense counsel has been unable to speak with Defendant since he was deported and has no known means of doing so. . . . So, too, have Defendant's Sixth Amendment speedy trial rights been impaired."). Notwithstanding that it is the prerogative of the Executive Branch to pursue deportation, the Executive Branch's decision to do so has "substantially undermined" the ability of defense counsel to "communicate formal plea offers to the defendant, provide advice during the plea bargaining process, describe risks in sentencing, give advice about the possibility of deportation, assist in any attempt by the defendant

to cooperate with the government, and consult with the defendant on lines of defense" in the instant matter. *Balde*, 2025 WL 2476710 at *2 (collecting cases). The question that remains then, is whether dismissal with or without prejudice is the appropriate exercise of judicial discretion.

"[D]eportation of a defendant during a criminal prosecution does not automatically warrant dismissal of the indictment with prejudice." *Tamup-Tamup*, 2025 WL 2662293 at *2. However, "it is incumbent on Executive Branch agencies to coordinate their actions to ensure that all criminal defendants' constitutional and statutory rights are preserved." *United States v. Guimaraes*, 2025 WL 1899046 at *6 (D. Mass. July 9, 2025); *see also United States v. Munoz-Garcia*, 455 F.Supp.3d 915, 923 (D. Ariz. 2020) ("[T]he government violated the defendant's statutory right to be released from custody under the Bail Reform Act when it chose not to comply with the court's release order and continued to detain the defendant pending her trial . . . [t]he result of those violations should be a dismissal of the criminal charges with prejudice."); *Tamup-Tamup*, 2025 WL 2662293 at *2 ("The executive branch must make an election: prosecution or release to the detainer. There is nothing unreasonable about requiring the government to make the election[.]" (citation modified)); *United States v. Galvan-Orea*, 766 F.Supp.3d 740, 747 (E.D. Mich. 2024) ("[T]he Government's deportation of a defendant during the pendency of criminal proceedings reflects its abandonment of those proceedings.").

This Court joins other courts in concluding that under circumstances such as these, where the Executive Branch has made trial of the charges brought impossible due to its choice to deport Defendant through alternative administrative means for the same conduct that it sought to prosecute in the instant criminal proceedings, "the public interest is best served by dismissing [Defendant's] indictment with prejudice to reindictment on the same charge." *Guimaraes*, 2025 WL 1899046 at *6 ("Where ICE unreasonably burdens a criminal defendant's ability to consult

with counsel before deportation, such conduct can justify dismissal of an indictment with prejudice following the defendant's deportation."); *see also Tamup-Tamup*, 2025 WL 2662293 at *2 ("Under the present circumstances, however, the Court finds [dismissal of the indictment with prejudice] is well within its discretion and doing so best effectuates justice in this case."); *Escobedo-Molina*, 790 F.Supp.3d at 1298 ("The interests served by the Court's exercise of its supervisory powers to dismiss the charges with prejudice in this case [following Defendant's deportation] . . . are by themselves significant, and become all the more so as balanced against the comparatively weak interest of the public in continuing the prosecution.").

In view of the Court's conclusion that it is contrary to the public interest to maintain the viability of a prosecution under circumstances such as these, the Court will grant in part and deny in part the Government's Motion (Dkt. No. 27), and dismiss the case *with* prejudice.  An appropriate Order accompanies this Memorandum Opinion.

Dated: February 10, 2026                     _____/s/_____
                                             WILMA A. LEWIS
                                             Senior District Judge